01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY E. SCOTT,                        )
                                         )    Case No. C06-839-JCC-JPD
        Plaintiff,                       )
                                         )
        v.                               )    ORDER GRANTING ADDITIONAL
                                         )    LEAVE TO AMEND COMPLAINT
NORMAN MALENG, *et al.*,                 )    AND DENYING PLAINTIFF'S
                                         )    MOTION FOR APPOINTMENT OF
        Defendants.                      )    COUNSEL
                                         )
                                         )
_____ )

18      Plaintiff is an inmate housed in the Special Offenders Unit of the Monroe Correctional

19  Complex in Monroe, Washington. He is proceeding *pro se* and *in forma pauperis* ("IFP") in

20  an attempt to bring this 42 U.S.C. § 1983 civil rights action against King County Prosecutors

21  Norman Maleng, a deputy prosecutor, and Michael T. Dijulio, a former senior deputy

22  prosecutor.  Plaintiff asserts that defendants unlawfully prosecuted and convicted him of three

23  counts of Trafficking in Stolen Property, (former) R.C.W. § 9A.82.50.2, which conviction

24  was later vacated on the prosecutor's motion following the Washington Court of Appeals'

25  decision in *State v. Thomas*, 103 Wn.App. 800, 14 P.2d 854 (2000).  Plaintiff complains that

26  his offender score was nevertheless increased despite the vacated convictions.  This matter

comes before the Court on the plaintiff's complaint (Dkt. No. 11), plaintiff's second motion

01 for appointment of counsel (Dkt. No. 21), and defendants' motion to dismiss (Dkt. No. 23).

02 After careful consideration of the complaint and motions, supporting materials, governing

03 law and the balance of the record, the Court ORDERS as follows:

04       (1)      The Court finds that plaintiff's complaint (Dkt. No. 11) fails to state a claim

05 upon which relief can be granted.  Specifically, the merits of plaintiff's argument are either

06 unavailable in or beyond the scope of a § 1983 action.

07       First, plaintiff has named as defendants two governmental actors who enjoy absolute

08 immunity from suit when performing their official role as advocate of the state.  *See Imbler v.*

09 *Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutors enjoy quasi-judicial absolute

10 immunity when performing functions "intimately associated with the judicial phase of the

11 criminal process").

12       Second, because plaintiff's claim that his offender score was miscalculated and his

13 incarceration continued despite the vacated convictions challenges not the *conditions* of

14 plaintiff's confinement but rather the *validity* of his confinement, this claim must be brought as

15 a petition for a writ of habeas corpus, not as a § 1983 action.  *See Preiser v. Rodriguez*, 411

16 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a § 1983

17 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not

18 accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or

19 impugned by the grant of a writ of habeas corpus.").  Where, as here, a prisoner challenges the

20 fact or duration of his confinement, his federal remedy is a writ of habeas corpus, to which the

21 exhaustion requirement applies.  *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert.*

22 *denied*, 498 U.S. 1126 (1991).[1]  Accordingly, plaintiff's complaint, in its current form, fails to

23 _____

24      [1] In order for this Court to have personal jurisdiction over a § 2254 petition, a petitioner
must name the state officer having custody of him as the respondent to the petition. *Rumsfeld v.*

25 *Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th
Cir. 1994) (citations omitted); *see also* Rules Governing Section 2254 Cases in the United States

26 District Courts 2(a).  For inmates, this person is typically the warden of the facility in which the
petitioner is incarcerated. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley*, 21
F.3d at 359.

ORDER
PAGE - 2

01   state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

02          (2)     Plaintiff, however, is GRANTED LEAVE TO AMEND his complaint in order

03   to lodge a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  **Plaintiff shall**

04   **file his amended complaint by October 30, 2006.**   The amended complaint must be filed

05   under the same case number as this one, and will operate as a complete substitute for, rather

06   than a mere supplement to, the existing complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258,

07   1262 (9th Cir. 1992) (internal citation omitted).  **The Court may recommend that**

08   **defendants' motion to dismiss (Dkt. No. 23) be granted and the complaint dismissed if**

09   **plaintiff fails to comply with this Order.**

10          (3)     For reasons similar to those stated above, plaintiff's second motion for

11   appointment of counsel (Dkt. No. 21) is DENIED.  Pursuant to 28 U.S.C. § 1915(e)(1), this

12   Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP.

13   *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  However,

14   the Court will appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn*

15   *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).   "A finding of exceptional circumstances

16   requires an evaluation of both the likelihood of success on the merits and the ability of the

17   plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."

18   *Wilborn*, 789 F.2d at 1331 (internal quotations omitted).  These factors must be viewed

19   together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

20          Plaintiff has failed to demonstrate that exceptional circumstances warrant the

21   designation of counsel at this time.  Not only is plaintiff unable to offer evidence suggesting

22   that his § 1983 case is likely to succeed on the merits, but as explained above, the action fails

23   to state a claim upon which relief can be granted.   Furthermore, although the inadequacy of

24   plaintiff's complaint suggests that he has difficulty articulating his claims, the Court cannot

25   conclude that an appointment of counsel is appropriate at this time.

26          (4)     The Clerk is directed to send a copy of this Order to plaintiff and to the

Honorable John C. Coughenour.

ORDER
PAGE - 3

01

02     DATED this 27th day of September, 2006.

03

04                                      _____
                                         JAMES P. DONOHUE
05                                       United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26